IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| STEVEN SREDL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-4146-CV-C-NKL |
| ) | |
| CORRECTIONAL MEDICAL ) | |
| SERVICES, INC., ) | |
| ) | |
| LANA A. ZERRER, ) | |
| ) | |
| and ) | |
| ) | |
| NELO LAGO CONOL, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Pending before the Court is Steven Sredl's ("Sredl") Motion to Proceed On Appeal *In Forma Pauperis* [Doc. # 56]. Also pending before the Court are Sredl's Motion to File Record on Appeal Out of Time [Doc. # 59], his Motion to Transfer Documents [Doc. # 60], his Motion to Request Appeal To Be Heard on the Full Record [Doc. # 61], his Motion Requesting Transcripts [Doc. # 63], and his Motion to Forward the Record [Doc. # 64]. For the reasons set forth below, the Court denies Sredl's Motions.

**I.     Sredl's Motion to Proceed On Appeal *In Forma Pauperis* [Doc. # 56]**

Pursuant to 28 U.S.C. § 1915(a), this Court may authorize commencement of a suit without prepayment of fees. Under 28 U.S.C. § 1915(a), the district court follows a two-

1

step process in considering whether the applicant should be permitted to proceed *in forma pauperis*. First, the Court must determine whether the applicant qualifies by economic status under section 1915(a). *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). Second, the Court must determine whether the cause of action stated in the complaint is frivolous or malicious within the meaning of section 1915(d). *Id.*

Sredl has provided this Court with an affidavit regarding his inability to prepay fees and costs. The affidavit reflects that Sredl has no assets nor does he have any income. Sredl has also submitted a statement from his Inmate Trust Account, which reflects that he has only nominal funds available to him. Sredl has satisfied the first prong of the *Martin-Trigona* analysis.

Under the second prong of the test, the court must dismiss the case if it finds the claim to be frivolous or malicious, if it fails to state a claim for which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2). The term "frivolous," as used in the statute, does not necessarily imply the plaintiff's claims are unimportant.

Case law indicates that where a plaintiff seeks leave to proceed under section 1915, a claim should be dismissed if it "lacks an arguable basis either in law or fact" or is based on an "indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989). The statute has been interpreted to give the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327. Baseless factual contentions are

2

those that are "fanciful," "fantastic" or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citation omitted).

The Court has already determined that Sredl's claims lacked merit when it granted Defendants' Motion for Summary Judgment in its entirety. *See* Order [Doc. # 53]. In its Order, the Court held that, at worst, Sredl had established that his physician was negligent, but that was insufficient to constitute a constitutional deprivation in violation of 42 U.S.C. § 1983. The Court's opinion was based on longstanding authority that holds negligence alone cannot support a claim under section 1983. Because Sredl's claims were without merit, the Court finds that an appeal of those claims would similarly be based on an "indisputably meritless legal theory." *Neitzke*, 490 U.S. at 325. Therefore, Sredl cannot satisfy the second prong of the *Martin-Trigona* test and his pending Motion is denied.

Because Sredl may not pursue his appeal *in forma pauperis*, he must either pay the filing fee or renew his application for leave to proceed *in forma pauperis* in the United States Court of Appeals for the Eighth Circuit within the time set out in Federal Rule of Appellate Procedure 24(a).

## II.     Sredl's Motion to File Record on Appeal Out of Time [Doc. # 59]

In his Motion, Sredl requests that the Court extend the deadline for Sredl to file his record on appeal with the Eighth Circuit. Under Federal Rules of Appellate Procedure 10, a party taking an appeal must submit the record on appeal within ten (10) days from the date that the party files the Notice of Appeal. *See* Fed. R. App. P. 10. Although Sredl

3

has filed his Notice of Appeal, it is not perfected until he pays the Court-mandated filing fee. Thus, the deadline for Sredl to file his record on appeal does not begin to toll until Sredl pays his filing fee.

To the extent that Sredl seeks an extension of the ten-day deadline contained in Rule 10, the Court will deny it. The deadline for filing the record on appeal is governed by the Appellate Rules of Procedure and those are administered by the Eighth Circuit. After Sredl pays his filing fee, he must seek extension of the deadline from the Eighth Circuit rather than this Court. To the extent that Sredl seeks a waiver of any costs associated with filing his record on appeal, that request is denied because the Court has already determined that Sredl does not qualify for *in forma pauperis* status.

**III. Sredl's Motion to Transfer Documents [Doc. # 60], Motion to Forward Record [Doc. # 64], and Motion to Request Appeal To Be Heard on the Full Record [Doc. # 61]**

Sredl has already filed his Notice of Appeal [Doc. # 55]. After Sredl pays the filing fee, then the Clerk's office will automatically transfer his case file to the Eighth Circuit. Because the Clerk's office automatically handles the submission of the case file to the Eighth Circuit, it is not necessary for Sredl to do so. His Motion to Transfer Documents [Doc. #60] and Motion to Forward Record [Doc. #64] are denied.

**IV. Sredl's Motion Requesting Transcripts [Doc. # 63]**

In his pending Motion, Sredl requests that the Court provide transcripts of his proceedings to him free of charge because of his indigent status. The Court has already denied Sredl leave to proceed *in forma pauperis*. Therefore, the Court will not allow

4

Sredl to obtain the transcripts of his proceedings without paying the charges associated with such transcripts. To obtain transcripts of his proceedings and arrange for payment for his transcripts, Sredl should contact the Clerk's office at 131 West High Street, Jefferson City, Missouri 65101. The telephone number for the Clerk's office is (573) 636-4015. Sredl's Motion Requesting Transcripts is denied.

## V. Conclusion

Accordingly, it is hereby

(1) ORDERED that Sredl's Motion to Proceed On Appeal *In Forma Pauperis* [Doc. # 56] is DENIED;

(2) ORDERED that Sredl's Motion to File Record on Appeal Out of Time [Doc. # 59] is DENIED;

(3) ORDERED that Sredl's Motion to Transfer Documents [Doc. # 60] is DENIED;

(4) ORDERED that Sredl's Motion to Request Appeal To Be Heard on the Full Record [Doc. # 61] is DENIED;

(5) ORDERED that Sredl's Motion Requesting Transcripts [Doc. # 63] is DENIED; and

(6) ORDERED that Sredl's Motion to Forward Record [Doc. # 64] is DENIED.

        s/ NANETTE K. LAUGHREY
        NANETTE K. LAUGHREY
        United States District Judge

DATE:  April 14, 2006
Jefferson City, Missouri